**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRIE A. ARCHER, | No. 13-35659 |
| Plaintiff - Appellant, | D.C. No. 6:12-cv-00767-SI |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 5, 2015[**]

Before:   THOMAS, Chief Judge, D.W. NELSON, and LEAVY, Circuit Judges.

   Jerrie A. Archer appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

1.  The administrative law judge ("ALJ") provided specific, clear, and convincing reasons for rejecting Archer's subjective complaints, including her daily activities, her failure to seek or comply with counseling treatment, failure to take prescribed medication, and lack of supporting medical evidence.  *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (discussing factors considered in evaluating credibility).

2.  In rejecting the testimony of Archer's daughter, Sara Ball, the ALJ provided reasons "germane to the witness" for doing so, by questioning Ball's ability to adequately observe Archer, and by noting that Ball's testimony was inconsistent with the medical evidence.  *See Molina*, 674 F.3d at 1114 (reciting standard); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (citing inconsistency with medical evidence as a germane reason).

3.  The ALJ properly evaluated the medical opinions in determining Archer's residual functional capacity ("RFC") and provided specific, clear, and convincing reasons for rejecting certain medical opinions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (reciting standard); *id*. at 1038 (explaining that this court will uphold the ALJ's conclusion when the evidence is susceptible to

more than one rational interpretation). The ALJ properly rejected the opinions of examining psychologist William Trueblood, Ph.D., examining physician Michael Henderson, M.D., and a 2007 opinion by treating physician Nancy Maloney, M.D., because these opinions rested largely upon Archer's discounted credibility and were inconsistent with their own objective findings and the medical record.

4. Archer failed to establish any severe physical or mental impairments beyond those found by the ALJ that would render the RFC determination incomplete. Substantial evidence supports the ALJ's finding that a person with Archer's RFC can perform Archer's past relevant work. *See Molina*, 674 F.3d at 1109-10.

**AFFIRMED.**